LATHROP v. HOWLEY.

1. **Tax Sale:** MUNICIPAL CHARTER: DEMAND. Where the charter of a city provided that demand of the city tax must be made a reasonable time before sale, if the supposed owner could be found in the city, *held*, that it was competent, notwithstanding a tax deed had been executed and was introduced in evidence, to show that no demand had in fact been made, and that, upon proof thereof, the deed should not be sustained.

*Appeal from Clinton Circuit Court.*

SATURDAY, DECEMBER 7.

THE plaintiff claims that he is entitled to the possession of lot number 4, in block 1, range 7, Buell's addition to the town of Lyons, under and in virtue of two tax deeds executed to

him, and which are made exhibits to the petition. One of these deeds was executed on the 20th day of October, 1874, by E. R. Lucas, county treasurer, as successor of the marshal of Lyons city, on account of a sale made on the 25th day of March, 1871, by said marshal, for delinquent city taxes of 1870. The other deed was executed by E. R. Lucas, treasurer, as successor of the marshal of Lyons city, on account of a sale made on the 30th day of March, 1872, for the delinquent city taxes of 1871.

The defendant, for answer, among other things, alleged that the lot in question was sold by the marshal of Lyons city for the alleged delinquent taxes of 1870 and 1871, under the special charter of said city, providing that demand of the tax must be made a reasonable time before sale if the supposed owner be found in the city; that during the year 1870, and to the present time, defendant resided in Lyons city and upon said lot; that no demand was made upon him for the delinquent tax. The answer further alleges that E. R. Lucas, as county treasurer, had no authority to execute the deeds in question. The cause coming on for trial to the court, the plaintiff offered in evidence the tax deeds before referred to. The defendant objected. The objection was overruled and the deeds read in evidence, whereupon the plaintiff rested. The defendant testified that the taxes in question were never demanded of him. It was thereupon stipulated by the parties that E. R. Lucas was never elected nor appointed to the office of marshal of Lyons city, and that when the lot in controversy was sold for taxes, Lyons city was organized under a special charter, one of the provisions of which made the marshal the collector of taxes and authorized him to execute deeds for land sold for taxes, and that after sale of said lot by the marshal, and before the purchaser was entitled to a deed, said city, by a vote of its inhabitants, abandoned said charter, and became incorporated under chapter 10, title 4, of the Code of 1873. It was further admitted that the title to the lot is in the defendant, unless it has been transferred to the

plaintiff by said tax deeds. The defendant then filed an amendment to the answer, alleging in substance that on the 7th day of October, 1872, said lot was sold by the county treasurer to the plaintiff for delinquent county and State taxes for the years 1871 and 1872; that afterward the plaintiff caused to be served on defendant, as the owner of said lot, a written notice, dated January 18, 1876, to appear and show cause why the treasurer should not execute to plaintiff a deed therefor; that on the 19th day of April, 1876, and within ninety days from the service of said notice, the defendant redeemed said lot by paying the county auditor fifty-one dollars and nineteen cents, which, on the 16th day of April, 1877, and after the commencement of this suit, the plaintiff accepted in full redemption of said lot. The defendant alleges that by these acts the plaintiff has waived all interest, right and title to said lot, by virtue of the deeds referred to in the petition, and is estopped from asserting or claiming any title thereto. The plaintiff demurred to this answer as follows:

"1. That said amended answer does not claim that any redemption of the land in controversy was ever made by defendant from the tax sales made by the marshal of Lyons city, in pursuance of which sales the deeds on which plaintiff's action is founded were made; nor does it claim that any redemption from said sales, or either of them, was ever offered or attempted by said defendant.

"2. Said amended answer does not show that the defendant has ever paid the plaintiff, or any one for him, the money which, under the law, he is obliged to do for the purpose of redeeming from said sale made by said city marshal, or that he ever offered or tendered the same to plaintiff."

The court sustained the demurrer. The defendant excepted, and elected to stand by his answer and amended answer. The court thereupon rendered judgment for the plaintiff for the possession of the property as prayed. The defendant appeals.

*N Corning,* for appellant.

*A. J. Leffingwell,* for appellee.

DAY, J.—The special charter under which Lyons city was acting at the time when the sales under which the plaintiff claims title were made, contains the following provisions: "The marshal, or such person as, in case of his absence or disability, the council may appoint of record, shall be the collector of taxes. * * * When any person's tax is not paid within a reasonable time after demand the collector may distrain upon personal property liable to taxation, and sell the same as the county collector may sell in like cases. Taxes on real property shall be a lien thereon, and it may be sold therefor if no personal property be found when the tax remains unpaid for four months after publication of the notice of the tax; but demand of the tax must be made a reasonable time before sale, if the supposed owner be found in the city. The collector shall execute and deliver to the purchaser a deed running in the name of the State." Acts Fifth General Assembly, chapter 91. After the sale of the lot by the marshal, and before the purchaser became entitled to a deed, the city became incorporated under chapter 10, title 4, of the Code of 1873. Afterward the deeds in question were executed by the county treasurer. The appellant claims that the county treasurer had no authority to execute these deeds, and that they are, therefore, void. Upon the other hand it is claimed that the treasurer derived authority to execute the deeds under the provisions of section 495 of the Code. In the view which we take of the case we deem it unnecessary now to determine this question.

The special charter of Lyons city, under which the sales in question were made, provides that the collector's deed shall have the same force and effect as the deed of the treasurer of the county, on sale for county and State taxes, under the law existing at the time. The charter provides, also, that demand

*Marginal note: 1. TAX sale: municipal charter: demand.*

of the tax must be made a reasonable time before sale, if the supposed owner be found in the city. Now, while the deed, whether made by the collector or the treasurer, may be *prima facie* evidence of the regularity of all prior proceedings, it cannot, under the former decisions of this court, be conclusive evidence that the demand for the tax was made, as provided in the charter. It was admissible for the defendant, notwithstanding the introduction of the deed, to prove affirmatively that no demand for the tax was made upon him. The defendant testified that he had lived in Lyons city for about twenty-five years, that he knows the marshals of said city, and that none of them ever demanded the tax in question. The plaintiff introduced no proof upon this subject. It thus appears, affirmatively, that the charter was not complied with, and that the sales were not authorized. Upon the evidence introduced no judgment should have been rendered for the plaintiff. This disposition of the case renders a consideration of the ruling on the demurrer unnecessary. As the cause is not triable *de novo*, it must be remanded for a new trial.

REVERSED.